UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CEDRIC HOWARD EUGENE GRAVES, II,<br><br>          Plaintiff,<br><br>    v.<br><br>STATE OF OREGON,<br><br>          Defendant. | Case No. 3:21-cv-01062-AA<br><br>ORDER OF DISMISSAL |

AIKEN, District Judge.

    Plaintiff, appearing pro se, files this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his federal constitutional rights were violated in 2012 and 2013 when he was falsely accused of rape. Compl. at 4-5 (ECF No. 1). Plaintiff contends he suffered harm from the false accusations and seeks money damages. Plaintiff's claims are clearly time-barred, and this action is dismissed.

    Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th

1   - ORDER OF DISMISSAL

Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Plaintiff's claims arise from actions that allegedly occurred in 2012 and 2013. Plaintiff's claims are barred by the applicable two-year statute of limitations because the events in question occurred more than two years before plaintiff filed his Complaint. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002). *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *see also Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (explaining that a complaint may be dismissed on statute of limitations grounds so long as the running of the limitation period is apparent on the face of the complaint).

Plaintiff's Complaint is deficient in several other respects. Plaintiff names the State of Oregon as a defendant. However, § 1983 applies to the actions of "persons" acting under the color of state law. The State of Oregon is not a "person" for purposes of § 1983 and is immune from suit in federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989).

Plaintiff also purports to allege claims against a deputy district attorney and a private individual who allegedly made the false accusations. Absolute immunity shields prosecutors from suit under § 1983 if the claims are related to conduct "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Further, plaintiff cannot file suit against a private individual under § 1983 unless he sets forth plausible allegations of conspiracy or joint action with a state actor to hold a private actor liable. *See Franklin v. Fox,* 312 F.3d 423, 441 (9th Cir. 2002).

Plaintiff's conclusory allegations do not suggest the type of "joint action" that would render their actions under "color of law" for purposes of § 1983 liability. *Price v. Hawaii*, 939 F.2d 702, 708-09 (9th Cir. 1991) (conclusory allegations of conspiracy do not satisfy joint action test).

Finally, allowing amendment of plaintiff's allegations would be futile because plaintiff's claims are clearly time-barred.

## CONCLUSION

This action is DISMISSED.

IT IS SO ORDERED.

DATED this 15th day of September, 2021.

/s/Ann Aiken
Ann Aiken
United States District Judge

3   - ORDER OF DISMISSAL